ELLIS M. ROSENFELD *et al.*, Plaintiffs-Appellants, v. THE DEPARTMENT OF REVENUE, Defendant-Appellee.

First District (2nd Division)   No. 1—88—3033

Opinion filed October 23, 1990.—Rehearing denied November 26, 1990.

Morris W. Ellis, of Ellis & Ellis, of Chicago, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiffs Ellis Rosenfeld (Ellis) and Phyllis Rosenfeld (collectively, plaintiffs) sought to enjoin the Department of Revenue (the State) from continuing to garnish Ellis' wages in order to satisfy two judgments against him for taxes due the State under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1989, ch. 120, par. 440 *et seq.*) (the Act). Plaintiffs claim that because their debts were discharged in bankruptcy under 11 U.S.C. section 727 (1981) after the State obtained its judgments, the judgments were also discharged, and the State can therefore be enjoined from continuing to garnish Ellis' wages. The circuit court dismissed plaintiffs' complaint on the ground that it failed to state a cause of action. Plaintiffs appeal.

Plaintiff Ellis Rosenfeld was involved in two businesses in Illinois from 1972 until June 15, 1976, as a result of which he incurred, pursuant to the Act, a tax liability which was due on or before July 15, 1976. Because he failed to file the returns required by section 3 of the Act (Ill. Rev. Stat. 1975, ch. 120, par. 442), or to pay the tax, the State instituted collection proceedings and obtained two judgments against him in August 1980, totaling $35,320.75.

Plaintiffs filed for bankruptcy protection on September 2, 1980, in which proceeding the bankruptcy court ordered them discharged from all "dischargeable debts" pursuant to 11 U.S.C. section 727 (1981), on January 7, 1981. After such discharge, the State caused three different notices of "Levy on Wages, Salary and Other Income of Ellis Rosenfeld" to be served on his employer in accordance with section 5f of the Act (Ill. Rev. Stat. 1985, ch. 120, par. 444f), requiring the employer to turn over to the State certain income earned by Ellis, in order to satisfy the judgments of tax liability.

Plaintiffs filed a complaint for mandatory injunction against the State on June 15, 1987, in the circuit court of Cook County, seeking to enjoin any further attempts by the State to satisfy the judgments on the ground that their liability had been discharged by the bankruptcy court.

The State moved to dismiss the complaint, maintaining that the tax liability was not discharged by the plaintiffs' bankruptcy and that therefore they had failed to state a cause of action. The circuit court granted the State's motion on September 9, 1988, stating that it agreed that Ellis' tax liability had not been discharged by the plaintiffs' bankruptcy. Plaintiffs filed their notice of appeal on October 7, 1988.

Plaintiffs cite 11 U.S.C. section 523(a)(1)(A) (1988), which provides:

"A discharge under section 727 *** of this title does not discharge an individual debtor from any debt—(1) for a tax *** (A) of the kind or for the periods specified in *** section 507(a)(7) of this title ***."

They aver that although the retailers' occupation tax is either one measured by gross receipts, or is an excise tax, and is therefore not generally dischargeable as one of the kinds of taxes specified in 11 U.S.C. section 507(a)(7) (1988), such taxes *are* dischargeable if they were due more than three years before the filing of the bankruptcy petition. (11 U.S.C. §§507(a)(7)(A)(i), 507(a)(7)(E) (1988).) In other words, plaintiffs rely on the "staleness" of their tax obligation in seeking to enjoin collection.

Plaintiffs further assert that Ellis was not required to collect or withhold the retailers' occupation tax; consequently, the tax was not one specified in section 507(a)(7)(C) as being nondischargeable by bankruptcy regardless of how long the tax was due before the plaintiffs filed for bankruptcy.

■ The State contends that regardless of whether Ellis' debt to the State was exempted from discharge by section 523(a)(1)(A), it was exempted from discharge by section 523(a)(1)(B).

Section 523(a)(1)(B)(i) provides:

"A discharge under section 727 *** of this title *** does not discharge an individual debtor from any debt—(1) for a tax *** (B) with respect to which a return, if required—(i) was not filed ***." (11 U.S.C. §523(a)(1)(B)(i) (1988).)

The State maintains that because Ellis' debt is for unpaid taxes with respect to which he failed to file returns required by section 3 of the Act (Ill. Rev. Stat. 1989, ch. 120, par. 442), his obligation to the State

was not discharged by plaintiffs' bankruptcy.

We agree with the State; consequently, we reject plaintiffs' claim that the circuit court erred in dismissing their case. 11 U.S.C. section 523(a)(1)(B)(i) makes irrelevant what kind of tax is owed by the debtor or how long before the bankruptcy filing the tax was due.

*In re Haywood* (Bankr. N.D. Ill. 1986), 62 Bankr. 482, holds that a bankrupt's failure to file amended State income tax returns due more than three years before the bankruptcy filing renders nondischargeable the tax debt incurred as a result of that failure. There the court stated:

> "An individual's debt arising as the result of a tax for which the debtor was required to file a return is nondischargeable if the debtor did not file that return." 62 Bankr. at 485.

See also *In re Pruitt* (Bankr. D. Wyo. 1989), 107 Bankr. 764 (failure to file Federal income tax returns more than six years before bankruptcy filing made resulting debts nondischargeable).

Plaintiffs further claim that allowing the State to satisfy its judgments against Ellis by attaching his post-discharge earnings would frustrate the Federal Bankruptcy Act's policy of giving bankrupt debtors a "fresh start." However, plaintiffs overlook that 11 U.S.C. section 523(a)(1)(B)(i) makes an exception to this policy in order to further another policy. As noted in *In re Haywood* (62 Bankr. at 485):

> " 'Certain prepetition tax liabilities \*\*\* survive as liabilities of the debtor after the case. This category includes (1) taxes for which the debtor had not filed a return as of the bankruptcy petition ... . \*\*\* [T]he debtor should not be able to use bankruptcy to escape these kinds of taxes. Therefore, these taxes \*\*\* survive as continuing debts after the case.' " (Quoting S. Rep. No. 1106, 95th Cong., 2d Sess. 22 (1978).)

We hold that Ellis' liability to the State for any unpaid taxes owed under the Act with respect to which he did not file the required return was not affected by the order of discharge in his bankruptcy proceeding. Therefore, the State asserts a valid affirmative defense to the plaintiffs' complaint, and the judgment of the circuit court is accordingly affirmed.

Affirmed.

DiVITO, P.J., and BILANDIC, J., concur.